# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

United States of America,

    v.

George Schneider,

        Defendant.

Case No. 6:22-cr-185-CEM-RMN

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | Defendant's Unopposed Motion to File Under Seal (Dkt. 44) |
| **FILED:** | April 5, 2023 |

It is **ORDERED** that the Motion (Dkt. 44) is **GRANTED**.

Defendant moves to seal Appendix J of his sentencing memorandum, which is a confidential psychological report and risk assessment. Dkt. 44 at 1. Defendant cites Federal Rule of Criminal Procedure 49.1(d) in support. *Id*. at 2. But that rule does not authorize the sealing of judicial records.[1]

---

[1] Rule 49.1 requires that certain personal identifying information be redacted from public filings. It was adopted to comply with the E-Government Act of 2000. *See* Fed. R. Crim. P. 49.1 advisory committee's note (2007).

Even so, this Court possesses both authority and discretion to seal judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). When exercising its discretion, the Court must balance the public's common law right of access with a party's interest in keeping information confidential. *Id*. at 597–99. The Eleventh Circuit has held that records may be sealed if a party "show[s] 'an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1030 (11th Cir. 2005) (quoting *Press-Enter. Co. v. Superior Ct. of Cal., Riverside Cnty.*, 464 U.S. 501, 510 (1984)). "When sealing proceedings or documents, a court must articulate the overriding interest 'along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.'" *Id*. (quoting *Press-Enterprise*, 464 U.S. at 510).

Defendant contends the confidential psychological report and risk assessment he seeks to file under seal contain private medical information that is traditionally protected from disclosure by courts. Dkt. 44 at 2. He also contends that the report and assessment is "critical for the Court's review" before the sentencing hearing. *Id*.

Defendant's arguments place the Court in a quandary. On the one hand, courts in this district have granted motions to file a party's medical information under seal based on privacy interests. *See, e.g.*, *Pena v. Marcus*,

No. 6:15-cv-69-Orl-18TBS, 2016 WL 10891560, at *2 (M.D. Fla. Nov. 4, 2016) (analyzing a request to seal in a civil matter). But other courts find that once a party's medical information becomes a central issue in a case, the party's privacy interest is outweighed by the public's right to access judicial records. *See, e.g.*, *Thelen v. Somatics, LLC*, No. 8:20-CV-1724-TPB-JSS, 2023 WL 2584465, at *3 (M.D. Fla. Mar. 21, 2023) (weighing a request to seal under the Federal Rules of Civil Procedure).

After considering Defendant's arguments in the motion and his corrected sentencing memorandum (Dkt. 42), the Court concludes that Defendant's privacy interest in the sensitive medical and mental health information in the report and recommendation outweigh the public's right to access at this time. The Court's specifically bases its decision on the fact that the report appears to be cited only a few times in Defendant's sentencing memorandum, suggesting that the information in the report is less central to the Court's sentencing decision than Defendant asserts. *See Thelen*, 2023 WL 2584465, at *3 (distinguishing cases in which the medical information "was of marginal relevance"). In any event, the parties and the Court will be in a better position to weigh the relative importance of the information in the report once the District Judge sentences the Defendant.

Accordingly, it is **ORDERED**:

1. Defendant's Unopposed Motion to File Under Seal (Dkt. 44) is **GRANTED**.

2. Plaintiff shall mail, hand-deliver, or otherwise securely provide the materials to be filed under seal to the Clerk and the Government.

3. The documents will remain under seal until 60 days after judgment is entered. Defendant is encouraged to renew his request to seal the report for a longer duration, if necessary, after the sentencing hearing.

**DONE** and **ORDERED** in Orlando, Florida, on April 7, 2023.

_____
ROBERT M. NORWAY
United States Magistrate Judge

Copies furnished to:

Counsel of Record